The Honorable James L. Robart
Trial Date: April 22, 2019

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRETT CALDWELL, an individual, | Case No. 2:17-cv-01741-JLR |
| Plaintiff, | [PROPOSED] STIPULATED |
| v. | PROTECTIVE ORDER REGARDING |
| THE BOEING COMPANY, a Delaware | CONFIDENTIALITY OF DISCOVERY |
| Corporation and DOES 1-10, | MATERIAL |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

STIPULATED MOTION FOR A STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF
DISCOVERY MATERIAL - 1

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC  20004
+1.202.739.3000

1  confidential treatment under the applicable legal principles, and it does not presumptively entitle

2  parties to file confidential information under seal.

3  2.    "CONFIDENTIAL" MATERIAL

4          "Confidential" material shall include the following documents and tangible things

5  produced or otherwise exchanged:  Plaintiff's personal and sensitive information including his

6

7  financial and medical information, confidential Boeing policies and procedures, personnel

8  information concerning individuals not party to this action, and other similar documents.

9  3.    SCOPE

10         The protections conferred by this agreement cover not only confidential material (as

11  defined above), but also (1) any information copied or extracted from confidential material; (2)

12  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

13  conversations, or presentations by parties or their counsel that might reveal confidential material.

14         However, the protections conferred by this agreement do not cover information that is in

15  the public domain or becomes part of the public domain through trial or otherwise.

16

17  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

18         4.1    Basic Principles.  A receiving party may use confidential material that is disclosed

19  or produced by another party or by a non-party in connection with this case only for prosecuting,

20  defending, or attempting to settle this litigation.  Confidential material may be disclosed only to

21  the categories of persons and under the conditions described in this agreement.  Confidential

22  material must be stored and maintained by a receiving party at a location and in a secure manner

23  that ensures that access is limited to the persons authorized under this agreement.

24

25

26  STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIALITY OF
    DISCOVERY MATERIAL - 2

1    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

2    ordered by the court or permitted in writing by the designating party, a receiving party may

3    disclose any confidential material only to:

4              (a)    the receiving party's counsel of record in this action, as well as employees

5    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6

7              (b)    the officers, directors, and employees (including in house counsel) of the

8    receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

9    agree that a particular document or material produced is for Attorney's Eyes Only and is so

10   designated;

11             (c)    experts and consultants to whom disclosure is reasonably necessary for

12   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

13   A);

14

15             (d)    the court, court personnel, and court reporters and their staff, and members

16   of the jury;

17             (e)    copy or imaging services retained by counsel to assist in the duplication of

18   confidential material, provided that counsel for the party retaining the copy or imaging service

19   instructs the service not to disclose any confidential material to third parties and to immediately

20   return all originals and copies of any confidential material;

21

22             (f)    during their depositions, witnesses in the action to whom disclosure is

23   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

25   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

26   STIPULATED PROTECTIVE ORDER
     REGARDING CONFIDENTIALITY OF
     DISCOVERY MATERIAL - 3

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC 20004
+1.202.739.3000

1   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

2   under this agreement;

3               (g)      the author or recipient of a document containing the information or a

4   custodian or other person who otherwise possessed or knew the information.

5

6   4.3     Filing Confidential Material.  Before filing confidential material or discussing or

7   referencing such material in court filings, the filing party shall confer with the designating party

8   to determine whether the designating party will remove the confidential designation, whether the

9   document can be redacted, or whether a motion to seal or stipulation and proposed order is

10  warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the

11  standards that will be applied when a party seeks permission from the court to file material under

12  seal.

13

14  5.      DESIGNATING PROTECTED MATERIAL

15          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party

16  or non-party that designates information or items for protection under this agreement must take

17  care to limit any such designation to specific material that qualifies under the appropriate

18  standards.  The designating party must designate for protection only those parts of material,

19  documents, items, or oral or written communications that qualify, so that other portions of the

20  material, documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this agreement.

22

23          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

24  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

25

26  STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIALITY OF
    DISCOVERY MATERIAL - 4

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC  20004
+1.202.739.3000

1   unnecessarily encumber or delay the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the designating party to sanctions.

3       If it comes to a designating party's attention that information or items that it designated

4
    for protection do not qualify for protection, the designating party must promptly notify all other
5
    parties that it is withdrawing the mistaken designation.
6

7       5.2    Manner and Timing of Designations.  Except as otherwise provided in this

8   agreement, or as otherwise stipulated or ordered, disclosure of discovery material that qualifies

9   for protection under this agreement must be clearly so designated before or when the material is

10  disclosed or produced.

11
            (a)    Information in documentary form: (*e.g.*, paper or electronic documents
12
    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
13
14  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

15  contains confidential material.  If only a portion or portions of the material on a page qualifies

16  for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

17  making appropriate markings in the margins).

18
            (b)    Testimony given in deposition or in other pretrial proceedings: the parties
19
    and any participating non-parties must identify on the record, during the deposition or other
20
21  pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

22  testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after

23  receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

24  transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

25  confidential information at trial, the issue should be addressed during the pre-trial conference.

26  STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIALITY OF
    DISCOVERY MATERIAL - 5

    MORGAN, LEWIS & BOCKIUS LLP
    Attorneys at Law
    1111 Pennsylvania Avenue, NW
    Washington, DC  20004
    +1.202.739.3000

1      (c)    Other tangible items:  the producing party must affix in a prominent place

2  on the exterior of the container or containers in which the information or item is stored the word

3  "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection,

4  the producing party, to the extent practicable, shall identify the protected portion(s).

5

6      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

7  designate qualified information or items does not, standing alone, waive the designating party's

8  right to secure protection under this agreement for such material.  Upon timely correction of a

9  designation, the receiving party must make reasonable efforts to ensure that the material is

10  treated in accordance with the provisions of this agreement.

11  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

12      6.1    Timing of Challenges.  Any party or non-party may challenge a designation of

13  confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

14  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

15  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

16  

17  challenge a confidentiality designation by electing not to mount a challenge promptly after the

18  original designation is disclosed.

19      6.2    Meet and Confer.  The parties must make every attempt to resolve any dispute

20  regarding confidential designations without court involvement.  Any motion regarding

21  confidential designations or for a protective order must include a certification, in the motion or in

22  

23  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

24  conference with other affected parties in an effort to resolve the dispute without court action.

25

26  STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF
DISCOVERY MATERIAL - 6

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC  20004
+1.202.739.3000

1   The certification must list the date, manner, and participants to the conference. A good faith

2   effort to confer requires a face-to-face meeting or a telephone conference.

3        6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

4   intervention, the designating party may file and serve a motion to retain confidentiality under

5   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

6   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

7   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

8   other parties) may expose the challenging party to sanctions. All parties shall continue to

9   maintain the material in question as confidential until the court rules on the challenge.

10

11  7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

12

13       If a party is served with a subpoena or a court order issued in other litigation that compels

14  disclosure of any information or items designated in this action as "CONFIDENTIAL," that

15  party must:

16       (a)    promptly notify the designating party in writing and include a copy of the

17  subpoena or court order;

18

19       (b)    promptly notify in writing the party who caused the subpoena or order to

20  issue in the other litigation that some or all of the material covered by the subpoena or order is

21  subject to this agreement. Such notification shall include a copy of this agreement; and

22       (c)    cooperate with respect to all reasonable procedures sought to be pursued

23  by the designating party whose confidential material may be affected.

24

25

26  STIPULATED PROTECTIVE ORDER
    REGARDING CONFIDENTIALITY OF
    DISCOVERY MATERIAL - 7

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC 20004
+1.202.739.3000

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, he/it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system he/it maintains, and make no use of the privileged information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The parties also agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF
DISCOVERY MATERIAL - 8

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC 20004
+1.202.739.3000

1  and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of

2  destruction.

3      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

4  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

5

6  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

7  work product, even if such materials contain confidential material.

8      The confidentiality obligations imposed by this agreement shall remain in effect until a

9  designating party agrees otherwise in writing or a court orders otherwise.

10

11      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12
   DATED: October 5, 2018          /s/ Reba Weiss
13                                  Attorneys for Plaintiff

14  DATED: October 5, 2018          /s/ Laurence A. Shapero
15                                  Attorneys for Defendant

16      PURSUANT TO STIPULATION, IT IS SO ORDERED.

17      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

18  documents in this proceeding shall not, for the purposes of this proceeding or any other

19  proceeding in any other court, constitute a waiver by the producing party of any privilege

20
   applicable to those documents, including the attorney-client privilege, attorney work-product
21
22  protection, or any other privilege or protection recognized by law.

23  DATED:  5 October 2018

24
25                                  Honorable James L. Robart
                                    United States District Court Judge
26
   STIPULATED PROTECTIVE ORDER                    MORGAN, LEWIS & BOCKIUS LLP
   REGARDING CONFIDENTIALITY OF                          Attorneys at Law
   DISCOVERY MATERIAL - 9                       1111 Pennsylvania Avenue, NW
                                                      Washington, DC  20004
                                                        +1.202.739.3000

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Western District of Washington on

_____ [date] in the case of *Brett Caldwell, an individual v. The Boeing Company, a*

*Delaware Corporation and DOES 1-10,* No. 2:17-cv-01741-JLR.  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF
DISCOVERY MATERIAL - 10

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1111 Pennsylvania Avenue, NW
Washington, DC  20004
+1.202.739.3000