UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRETT CALDWELL, | CASE NO. C17-1741JLR |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

Before the court is the parties' joint motion to modify the court's scheduling order. (Joint Mot. (Dkt. # 65).) For the reasons stated below, the court DENIES the motion.

This case was filed November 17, 2017. (*See* Compl. (Dkt. # 1).) On February 6, 2018, the court scheduled the case for trial on April 22, 2019. (*See* Sched. Order (Dkt. # 21) at 1.) On January 22, 2019, Defendant The Boeing Company ("Boeing") filed a motion for summary judgment. (*See* MSJ (Dkt. # 47).) Boeing noted its motion for February 15, 2019. (*See id.* at title page.) Pursuant to Local Civil Rule 7(b)(5), the court decides all motions "as soon as practicable" and "normally within thirty days following

the noting date." Local Rules W.D. Wash. LCR 7(b)(5). Thus, the court's target date for issuing a decision on Boeing's motion for summary judgment is March 18, 2019.[1]

In support of their joint motion, the parties argue that approaching pretrial deadlines will cause the parties to expend considerable resources which will be wasted if the court grants summary judgment. (*See* Joint Mot. ¶¶ 2-4.) The deadlines set in this case are similar to the deadlines set in every civil proceeding before the court. The only deadline that may expire prior to the court's target date for issuing a decision is the deadline for motions in limine. (*See generally* Sched. Order.) If Boeing sought an earlier decision on its motion so that it would have more time to review the court's rulings prior to other pretrial deadlines, it could have filed its motion earlier. The existence of looming pretrial deadlines, such as ordinarily occur in the course of federal civil litigation, is not "good cause" for a five-month extension of the trial date and accompanying pretrial deadlines.

Absent a showing of good cause, the court does not grant "short" trial continuances. *See* Fed. R. Civ. P. 16(b)(4); (Sched. Order at 2 ("The court will alter these dates only upon good cause shown . . . .").) The court has a full trial calendar and will not imperil the trial dates of other parties who comply with the scheduling orders in their cases to adjust the trial dates of other parties who merely seek relief from their pretrial deadlines. Accordingly, the court DENIES the parties' joint motion (Dkt. # 65).

//

---

[1] Thirty days from the motion's noting date is March 17, 2019, which is a Sunday. Accordingly, the court's target date for issuing a decision on Boeing's motion is the following Monday, March 18, 2019. *See* Local Rules W.D. Wash. LCR 6(a).

Nevertheless, the court will consider moving the parties' trial date to the end of the court's trial calendar. If the parties wish to seek this relief, they should file a new stipulated motion to that effect. The parties should be aware that the court is presently scheduling trials in approximately June 2020. If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all remaining pretrial deadlines.

Dated this 6th day of March, 2019.

JAMES L. ROBART
United States District Judge